J-S35014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AUGUST SMALLWOOD | : | |
| | : | |
| Appellant | : | No. 2609 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 7, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006462-2016

BEFORE:   BOWES, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: JANUARY 8, 2021**

August Smallwood appeals from the aggregate judgment of sentence of ten to twenty years of incarceration which was imposed after he was convicted of rape and related charges.  Appellant's counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

In 2014, at the age of seventeen, J.K. ("Victim") was a runaway living on the streets of Philadelphia.  N.T., 4/3/17, at 36.  She encountered Appellant, who offered her shelter in his home in exchange for becoming Victim's "pimp."  **Id**. at 37.  Appellant instructed Victim to bring men to

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant's house, engage in oral and vaginal sex with them, and give all proceeds to Appellant. Appellant also took nude photographs of Victim, which he posted on Backpage[1] in order to garner more "dates." *Id*. at 41, 77. If victim did not make at least $150 dollars a week, Appellant would "smack her" in the face. *Id*. at 43.

Victim began to fear Appellant after she found a gun and drugs in the bedroom she shared with him. *Id*. at 63. She also heard screaming coming from another woman inside the house. *Id*. at 50. Appellant also began to get physically violent towards Victim. Victim described an incident where Appellant took her down to the basement, removed her clothes, tied her up and "whooped" her on her breasts, back and butt with what "felt like a belt." *Id*. at 50-52. Another time Appellant got "angry" with Victim, so he sliced her wrist with a box cutter, an injury which required stitches. *Id*. at 65, 69-71. Finally, Appellant began engaging in nonconsensual sex with Victim. *Id*. at 54-55, 58. Eventually, Victim waited until Appellant left the house and fled "so [that] he wouldn't slap me." *Id*. at 87-88.

A couple of weeks later, Victim was picked up by the Philadelphia Vice Unit during a street operation. Because she was still underage, she was brought into headquarters for an interview with members of the Child Exploitation Task Force. *Id*. at 105-08. During the interview, Victim gave the authorities Appellant's first name and described his tattoos. At a second

---

[1] Backpage is a website used for prostitution. *See* N.T., 4/3/17, at 74.

interview, Victim identified Appellant's house and described the location where Appellant concealed his gun and drugs. *Id*. at 110. Police executed a search warrant of Appellant's home, but it had already been cleared out. An arrest warrant was issued the same day. After several months of searching, authorities located and arrested Appellant in Delaware.

On April 3, 2017, Appellant waived his right to a jury trial and proceeded to a bench trial. The Commonwealth put forth testimony from Victim and members of the Child Exploitation Task Force who had interviewed Victim. Appellant elected not to testify. The trial court found Appellant guilty of rape, promoting the prostitution of minor, photographing sexual acts of a minor, unlawful contact with a minor, sexual trafficking of a minor, sexual assault, corruption of a minor, possession of an instrument of crime ("PIC"), simple assault, and recklessly endangering another person ("REAP"). N.T. 4/3/17, at 150. Appellant was found not guilty of involuntary deviate sexual intercourse, unlawful restraint, involuntary servitude, and false imprisonment. *Id*.

On July 7, 2017, Appellant appeared for sentencing. After reviewing a pre-sentence investigation report and listening to statements by Victim, Appellant's sister, Appellant's daughter, and Appellant, the court sentenced Appellant to an aggregate sentence of ten to twenty years of imprisonment.[2]

_____

[2] Appellant received concurrent ten to twenty year sentences of incarceration for rape, unlawful contact, trafficking of a minor, and sexual abuse of a minor; for promoting prostitution of a minor, Appellant received a concurrent term of three and a half to seven years of incarceration; for corruption of the morals

Appellant was also advised of his Megan's law Tier Three lifetime registration requirements and his appellate rights. The court specifically informed Appellant that if he wished to challenge his sentence or the weight of the evidence that he would need to file a post-sentence motion before proceeding with his direct appeal. N.T., 7/7/17, at 37-39. Appellant indicated that he understood his appellate rights. *Id*. at 39. However, no post-sentence motion or direct appeal was filed.

Instead, Appellant filed a timely *pro se* petition pursuant to the Post-Conviction Relief Act ("PCRA") seeking to reinstate his appellate rights and asserting many claims of trial counsel ineffectiveness. Appointed counsel sought the reinstatement of Appellant's direct appeal rights. The PCRA court granted the petition and Appellant filed a timely notice of appeal. In lieu of a concise statement, Appellant's counsel filed a statement indicating that he intended to file an ***Anders*** brief. ***See*** Pa.R.A.P. 1925(c)(4). In the statement, counsel explained that Appellant wished to challenge the voluntariness of the jury trial waiver and sufficiency of the evidence on appeal. Appellant also filed several *pro se* letters indicating that he wished to challenge the sufficiency of the evidence on appeal. The trial court did not file an opinion, because the trial judge was no longer sitting as a judge in Philadelphia County.

---

of a minor, Appellant received a three to seven year term of incarceration that ran consecutive to the sentence imposed at the corruption of the morals of minor charge; and for simple assault, Appellant received a concurrent sentence of one to two years of incarceration. The REAP and sexual assault convictions merged for purposes of sentencing.

In this Court, counsel filed both an **Anders** brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .

> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted). Our Supreme Court has clarified portions of the **Anders** procedure:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the

appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statues on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Based upon our examination of counsel's petition to withdraw and *Anders* brief, we conclude that counsel has complied with the requirements set forth above. Counsel set forth the procedural and factual case history, referred to two issues that arguably support the appeal, stated his conclusion that the appeal is frivolous, and cited to the record and case law which supports that conclusion. *See Anders* brief at 5-12. Additionally, counsel gave Appellant proper notice of his right to immediately proceed *pro se* or retain another attorney.[3] *See Santiago*, *supra*; Letter, 2/18/2020. Accordingly, we proceed to an examination of the issues raised to discern if they are frivolous. *Commonwealth v. Dempster*, 187 A.3d 266, 273 (Pa.Super. 2018) (*en banc*).

Counsel identified two issues that arguably support this appeal:

1.  Appellant's plea counsel forced Appellant into waiving his right to a jury trial and, therefore, judgment of sentence should be vacated and this matter should be remanded for a jury trial.

2.  There is insufficient evidence to support Appellant's convictions because Complainant's testimony was inconsistent, uncorroborated, and contradictory and, therefore, judgment of sentence should be vacated.

---

[3] Appellant did not file a response to counsel's petition.

*Anders* brief at 8, 10.

Counsel's first issue of arguable merit implicates whether trial counsel's performance was constitutionally deficient. *Anders* brief at 8. However, in *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013), our Supreme Court reaffirmed its holding in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances not present here,[4] claims of ineffective assistance of counsel are to be deferred until collateral review under the PCRA. Accordingly, Appellant's first claim is frivolous as raised on direct appeal.

Counsel's second issue of arguable merit questions the sufficiency of the evidence to sustain all of Appellant's convictions. *Anders* brief at 10. Our standard of review when considering a challenge to the sufficiency of the evidence is:

> [w]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and

---

[4] In *Holmes*, our Supreme Court held that the trial court may address claims of ineffectiveness on direct appeal where (1) discrete claims are "apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice," or (2) the defendant seeks to litigate prolix claims, there is good cause shown, and review is preceded by the defendant's knowing and express waiver of PCRA review. *Commonwealth v. Holmes*, 79 A.3d at 562, 563-64 (Pa. 2013).

inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Gause*, 164 A.3d 532, 540-41 (Pa.Super. 2017) (citations and quotation marks omitted).

Appellant's arguments are not based upon the statutory elements of the crimes for which he was convicted, but rather the overall lack of evidence corroborating the victim's testimony. However, it is well-established that "a solitary witness's testimony may establish every element of a crime, assuming that it speaks to each element, directly and/or by rational inference." *Commonwealth v. Johnson*, 180 A.3d 474, 479 (Pa.Super. 2018). Accordingly, the Commonwealth is only required to put forth additional evidence, where a sole witness's testimony does not establish every element of the crimes charged.

Here, Victim positively identified Appellant as her "pimp." N.T. 4/3/17, at 37. She detailed how he prostituted her, took naked pictures of her, and physically and sexually assaulted her, all while she was seventeen years old. *Id*. at 37-103. Accordingly, if believed, Victim's testimony was sufficient to establish that Appellant committed rape, promoting prostitution of a minor, photographing a sex act of a child, unlawful contact with a minor, trafficking

a minor, sexual assault, corruption of minors, possession of an instrument of crime, simple assault, and recklessly endangering another person. No additional corroboration was needed. Accordingly, we agree with counsel that the second issue of arguable merit is frivolous.[5]

Further, we have conducted a "full examination of the proceedings" and have determined that "the appeal is in fact wholly frivolous." **Commonwealth v. Flowers**, 113 A.3d 1246, 1248 (Pa.Super. 2015). Since our review did not disclose any other arguably meritorious claims, we grant counsel's petition to withdraw and affirm the judgment of sentence. **Dempster**, **supra** at 273.

Petition of Stephen T. O'Hanlon, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

---

[5] To the extent that Appellant wishes to also challenge the weight of the evidence in this appeal, we note that it is waived for failure to raise it before the trial court. **See** Pa.R.Crim.P. 607(A) ("A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Appellant was specifically warned of this requirement at sentencing. N.T. 7/7/17, at 39. Therefore, Appellant has waived this issue for failing to preserve it. An issue that is waived is frivolous. **See Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa.Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/21